(21 Misc. Rep. 324.)

### BAILLARD v. ROWAN.

(Supreme Court, Appellate Term.  October 1, 1897.)

IMPLIED CONTRACTS FOR SERVICES.

In an action to recover for services rendered, it is no defense that defendant did not intend to employ plaintiff, if he so talked and acted as to reasonably justify the plaintiff's honest conclusion that he was thereby employed, and defendant acted accordingly.

Appeal from First district court.

Action by Edward V. Baillard against David Noble Rowan for labor in constructing two magneto bells or generators.  From a judgment for plaintiff for $60, damages and costs, defendant appeals.  Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

D. Noble Rowan, in pro. per.

William Byrne, for respondent.

DALY, P. J.  The question presented on this appeal is whether the plaintiff sustained the burden of proving an employment by the defendant to make electrical machines (magneto bells or generators) for which he claimed, and has been allowed, a recovery of $43, besides costs.  He testified positively that defendant directed him to go on and do the work, and came to his shop while it was in progress, to hasten its completion.  Defendant positively denies this.  A witness, Gillette, called by the plaintiff, gives a version of the transaction which in some respects corroborates the latter.  It appears, and is conceded, that the defendant ordered from the plaintiff certain other electrical machines (transmitters), and that that order was given to plaintiff at defendant's office, when plaintiff was brought there by Gillette at defendant's request.  After the order for the transmitters was given, the making of the magneto bells was discussed.  The defendant, at the request of Gillette, gave the plaintiff a "blue print" and specifications showing the parts of the machine required to be made.  The defense is that these bells were to be manufactured for Gillette, and were ordered by him, and that the defendant had no interest in any work but the making of the transmitters, which he concedes he ordered from the plaintiff, and paid for.  The evidence of Gillette warrants the conclusion that the defendant had agreed with him to pay the cost of making the bells, although they were for Gillette's use; for defendant was the holder of the patent (as assignee) of the machine in which they were to be used, and was apparently interested, to some extent, in seeing the work done.  He had accordingly authorized Gillette to obtain from the plaintiff an estimate of the cost, and had received a report of it, and he paid for the castings which Gillette caused to be made, in order to give to the plaintiff in making the bells; and we may assume, from a question put by the defendant to Gillette, that the former had been asked by the latter to furnish the money to build them.  The evidence leads to the conclusion that the defendant would have paid, and expected to pay, for these magneto bells if the

cost had been anywhere near the estimate reported by Gillette, and that, at the time the order for the transmitters was given, and the making of these bells was discussed, he expected to bear the expense of them on Gillette's behalf. This being so, it is not unlikely that the work on all the machines, the transmitters for himself, and the magneto bells for Gillette, was discussed by him in such a way as to impress plaintiff with the idea that all the work was to be done on his order. The cost or value of the work was disputed, but that question, upon competent testimony, was determined in the plaintiff's favor. It does not appear that defendant limited plaintiff to any contract price except the sum per hour for time to be spent upon the work.

The judgment should be affirmed. All concur.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

